**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CLYDE THOMAS, JR.,                          )
                                             )
           Plaintiff,                       )
                                             )
     v.                               )          No. 4:19-CV-3186-NCC
                                             )
ST. LOUIS CITY JUSTICE CENTER, et al.,     )
                                             )
          Defendants.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Clyde Thomas, Jr., an inmate at

the Missouri Eastern Correctional Center, for leave to commence this civil action without

prepayment of the required filing fee.  Having reviewed the motion and the financial information

submitted in support, the Court has determined to grant the motion, and assess an initial partial

filing fee of $4.75.  Additionally, for the reasons discussed below, the Court will give plaintiff

the opportunity to file an amended complaint, and will deny without prejudice his motion to

appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis*

is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to his account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00,

until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to proceed *in forma pauperis*, plaintiff

submitted a letter explaining he could not obtain a certified copy of his inmate account statement

because the institution refused to provide copies. (ECF No. 6).  Attached to the letter was a

"resident account summary" from an unspecified institution detailing account history from

August 16, 2017 to October 14, 2018, more than one year prior to the filing of his complaint.

Plaintiff subsequently submitted an uncertified account statement from the Missouri Department

of Corrections detailing his institutional account history for two months of the six-month period

preceding the filing of his complaint. (ECF. No. 7).  Plaintiff explained he had difficulties

obtaining this statement because he was transferred from a different institution.

A review of plaintiff's two-month account statement indicates an average monthly

deposit of $23.75 and an average monthly balance of $0.00.  Plaintiff has insufficient funds to

pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $4.75,

which is 20 percent of plaintiff's average monthly deposit and an amount that is reasonable

based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*,

129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified

copy of his prison account statement, the Court should assess an amount "that is reasonable,

based on whatever information the court has about the prisoner's finances.").  Any claim that

plaintiff is unable to pay that amount must be supported by a certified inmate account statement

detailing plaintiff's account for the preceding six months.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* litigants must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against nineteen defendants.  The defendants are four correctional institutions; four local government agencies; two state agencies; the Missouri Twenty-Second Judicial Circuit Court; the City of St. Louis; Sheriff Vernon Betts; the law firm that represented plaintiff during his criminal proceedings; First Community Bank; Corizon Medical; Jessica Woolbright; Victoria Minor; and Sharon Mosley.  Sheriff Betts is sued in his official and individual capacities, and Woolbright, Minor, and Mosley are sued in their individual capacities.

Plaintiff's claims relate to separate events that allegedly occurred during his criminal investigation, arrest, and prosecution, and during his incarceration at four different institutions.  For example, plaintiff alleges he was subject to false arrest, false imprisonment, and ineffective assistance of counsel, and he alleges he was later subjected to cruel and unusual punishment and received constitutionally inadequate medical care while incarcerated.  Plaintiff alleges a claim against the victim in his criminal case for defamation and slander, although it is unclear from the complaint if the victim is defendant Minor or Mosley.  Plaintiff also brings a claim against his bank for an alleged inability to dispute a fraud charge on his account, and against the Missouri Department of Corrections Probation and Parole Department.  Most of plaintiff's claims span over a two-year period from 2018 to 2020, except for the claim against the Missouri Department of Corrections Probation and Parole Department, which spans over a fourteen-year period from 2006 to 2020.  Plaintiff seeks $20 million in actual damages and $20 million in punitive damages.

**Discussion**

The complaint is subject to dismissal.  In support of his claims for relief, plaintiff most often provides only conclusory statements that lack factual support.  For example, plaintiff alleges he was "denied proper medical care, access to administrative remedies, lived in inhuman[e] conditions, [and] failed to be treated equally."  He also alleges he suffered "false arrest, false imprisonment, subject to cruel and unusual punishment, los[s] of personal property without due process, slander, defamation, et al."  These are the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and this Court is not required to assume their veracity.  *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Additionally, plaintiff's allegations fail to state cognizable § 1983 claims against Minor, Mosely, Woolbright and Betts.  Regarding Minor and Mosely, plaintiff alleges: "Name was slander [sic] and defamed by Ms. Mosley who admitted she drove Ms. Minor to police station and was telling her that I raped her when it wasn't true."  It appears plaintiff intends to proceed against these defendants under § 1983, but his allegations do not state viable § 1983 claims. Plaintiff neither alleges the violation of a federally-protected right, nor alleges the defendants were state actors.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must establish he was deprived of a federally-protected right by a person acting under color of state law).  Regarding Woolbright, plaintiff does not allege she engaged in any wrongdoing.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal

5

of a *pro se* plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them).

Plaintiff's individual capacity claim against Sheriff Betts is subject to dismissal because plaintiff fails to allege he was directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's official capacity claim against Sheriff Betts is also subject to dismissal. A "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)); *see also White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Sheriff Betts's employer is the City of St. Louis Sheriff's Department, which is a municipal department of the City of St. Louis and not itself an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of city government are "not juridical entities suable as such"); *see also Demyers v. City of St. Louis,* 2019 WL 3457621 at *4 n 9 (E.D. Mo. Jul. 31, 2019) (citing *Turner v. St. Louis City Sheriff's Office*, No. 4:17-CV-2280-DDN, 2017 WL 5633112, at *2 (E.D. M o. Nov. 21, 2017), appeal dismissed, No. 17-3715, 2018 WL 2979914 (8th Cir. Feb. 21, 2018)). Here, the complaint fails to allege facts to state a plausible claim against the City of St. Louis, or against any other department or subdivision of local government.

6

Plaintiff's claims for damages against the state agency defendants are barred by the

Eleventh Amendment.  *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984).  Finally, to the

extent plaintiff seeks a judgment that would necessarily imply the invalidity of his conviction,

continued imprisonment, or sentences, he must demonstrate that such convictions and/or

sentences have been reversed, expunged, or called into question by issuance of a writ of habeas

corpus before bringing such claims.  *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Plaintiff has also engaged in the impermissible pleading practice of asserting multiple

unrelated claims against multiple defendants.  Rule 20(a)(2) of the Federal Rules of Civil

Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is
> asserted against them jointly, severally, or in the alternative with respect to or
> arising out of the same transaction, occurrence, or series of transactions or
> occurrences; and (B) any question of law or fact common to all defendants will
> arise in the action.

Fed. R. Civ. P. 20(a)(2).  Therefore, plaintiff cannot join, in a single lawsuit, multiple claims

against different defendants related to events arising out of different transactions or occurrences.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Unrelated claims

against different defendants belong in different suits, in part to ensure that prisoners pay the

required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and

provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim,
> or third-party claim, may join, either as independent or as alternate claims, as
> many claims, legal, equitable, or maritime, as the party has against an opposing
> party.

Fed. R. Civ. P. 18(a).  Therefore, plaintiff may name one defendant and bring as many claims against that defendant as he desires.

In consideration of plaintiff's *pro se* status, the Court will allow him to file an amended complaint.  Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue each defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).  As noted above, if plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that

8

arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him.  *See Madewell,* 909 F.2d at 1208.  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel.  (ECF No. 2).  The motion will be denied, without prejudice.  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented

9

litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir.

2006).

After considering these factors, the Court finds that the appointment of counsel is

unwarranted.  Plaintiff has yet to file a complaint that survives initial review, so it cannot be said

that he has presented non-frivolous claims.  Additionally, this case appears to involve

straightforward factual and legal issues, and there is currently no indication that plaintiff cannot

investigate the facts and present his claims to the Court.  At present, it is not apparent that both

plaintiff and the Court would benefit from the appointment of counsel.  The Court will therefore

deny the motion at this time, without prejudice, and will entertain future motions for appointment

of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF

No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.75 within

thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an

original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this

Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the

instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank

Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3)

is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this

Memorandum and Order, the Court will dismiss this action without prejudice and without further

notice.

Dated this 22nd day of April, 2020.

   /s/ Noelle C. Collins        

NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
