**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CLYDE THOMAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-3186-NCC |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff, proceeding *pro se*, initiated this case on December 2, 2019, and filed a motion for leave to proceed *in forma pauperis*. The Court granted the motion, and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2). As fully explained in the Court's April 22, 2020 order, the complaint was defective and subject to dismissal, and the Court gave plaintiff the opportunity to file an amended complaint to cure the defects. In doing so, the Court clearly explained why the complaint was subject to dismissal, gave plaintiff clear instructions about how to prepare the amended complaint, and cautioned him that his failure to timely comply with the order would result in the dismissal of his case without further notice.

Plaintiff's response was due to the Court no later than May 22, 2020. On May 21, 2020, plaintiff filed a notice of change of address. Concerned that plaintiff may not have received the Court's April 22, 2020 order, the Court resent it to him, and *sua sponte* gave him additional time, to and including July 10, 2020, to comply. To date, however, plaintiff has neither complied with the Court's order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely

comply, and gave him significant additional time to comply. Therefore, the Court will dismiss this action at this time without prejudice due to plaintiff's failure to comply with the Court's April 22, 2020 order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of July, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE